IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| | |
|---|---|
| ANTONIO M. HOWARD, | |
| Plaintiff, | |
| vs. | No. 07-2244-B/V |
| SHELBY COUNTY, et al., | |
| Defendants. | |

___

ORDER TO COMPLY WITH PLRA
OR
PAY FULL $350 CIVIL FILING FEE

___

On April 6, 2007, Plaintiff Antonio M. Howard, Tennessee Department of Correction prisoner number 368068, an inmate at the West Tennessee State Penitentiary[1] in Henning, Tennessee, through counsel, has filed a complaint pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the

___

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court, along with the complaint, either Form 4 of the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit that contains the same detailed information found in Form 4. McGore, 114 F.3d at 605. The prisoner must also submit a certified prison trust fund account statement, showing all activity in his account for the six months preceding the filing of the complaint, and specifically showing:

   1)   the average monthly deposits, and
   2)   the average monthly balance

for the six months prior to submission of the complaint, and

   3)   the account balance when the complaint was submitted.

In this case, Plaintiff has filed what appears to be a nonprisoner in forma pauperis affidavit that does not contain a certification by the trust fund officer at his prison. Plaintiff also has not submitted an inmate trust fund account statement.[2] Therefore, at the present time, Plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable for the full $350 filing fee, which

---

[2]   The affidavit also contains a digitized signature of Plaintiff, a nonlawyer, contrary to the instructions in the Electronic Case Filing Attorney User Manual for the Western District of Tennessee §§ I.A.7 & II.A.3.

2

accrued at the moment the complaint was filed. Plaintiff[3] is hereby ORDERED to submit the documentation required by the PLRA or the full $350 civil filing fee to the following address within thirty (30) days after the entry of this order:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

If Plaintiff needs additional time to file the required documents, he may request one thirty-day extension of time from this Court. <u>McGore</u>, 114 F.3d at 605. If Plaintiff fails to file the required documentation, the Court will assess the entire filing fee, without regard to the installment payment procedures, and will dismiss the action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. <u>McGore</u>, 114 F.3d at 605. If dismissed under these circumstances, the case will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status.

If Plaintiff timely submits the proper documentation, and the Court finds that Plaintiff is indeed indigent, then he may take advantage of the installment procedures of § 1915(b). In such case, Plaintiff will be able to make an initial partial payment equal to 20% of the greater of the average monthly deposits to his trust account for the past six months or the average monthly balance in his account for the past six months. After collection of the initial partial filing fee, the remaining balance will be collected in monthly installments equal to 20% of the income credited to the

---

[3] Counsel is instructed to scan the page containing Plaintiff's handwritten signature and to submit the affidavit in PDF format.

Plaintiff's account during the preceding months. These monthly payments, however, will be withdrawn only when Plaintiff's account balance exceeds $10.

The Clerk is ORDERED to provide Plaintiff a copy of the prisoner in forma pauperis affidavit form along with this order.

**Plaintiff is advised that the obligations imposed by this order are independent of the order to show cause issued on August 30, 2007.** Even if the case is dismissed for failure to prosecute, the Court is required to assess the civil filing fee, because the responsibility for paying the filing fee accrues at the time the complaint is filed. McGore, 114 F.3d at 607; cf. In re Alea, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

The Clerk is directed to mail a duplicate copy of this order to Plaintiff at his prison address.

IT IS SO ORDERED this 11th day of September, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE