IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ANTONIO M. HOWARD, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 07-2244-B/V |
| SHELBY COUNTY, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER OF DISMISSAL
AND
ORDER ASSESSING $350 CIVIL FILING FEE

On April 6, 2007, Plaintiff Antonio M. Howard, Tennessee Department of Correction prisoner number 368068, an inmate at the West Tennessee State Penitentiary ("WTSP")[1] in Henning, Tennessee, through counsel, filed a complaint pursuant to 42 U.S.C. § 1983. The Court issued an order on September 11, 2007 directing Plaintiff, within thirty (30) days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or pay the $350 civil filing fee. Plaintiff has not complied with, or otherwise responded to, that order, and the time set for compliance has expired. Therefore, the Court DISMISSES the complaint without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, because the responsibility for paying the filing fee accrues at the time the complaint is filed. McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997); cf. In re Alea, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

In this case, Plaintiff has not filed a prisoner in forma pauperis affidavit, bearing his manual signature, or a certified copy of his inmate trust fund account statement. He has not, therefore, established that he is eligible to take advantage of the installment payment provisions of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $350 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of

the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

   Clerk, United States District Court, Western District of
      Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing by the Court.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the WTSP. The Clerk is further ORDERED to forward a copy of this order

to the Warden of the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. The Clerk is also directed to mail a duplicate copy of this order to Plaintiff at his prison address.

    IT IS SO ORDERED this 17th day of October, 2007.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE